UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| DIANA KATRINA BROWN, | No. C 14-00825 LB |
| Plaintiff, | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| v. | |
| UNITED STATES OF AMERICA, | [Re: ECF No. 9] |
| Defendants. | |

On February 24, 2014, non-attorney[1] William Leon Marotz signed and filed a complaint, apparently on behalf of Diana Katrina Brown, who is listed as the plaintiff to the action, against the United States of America for civil rights violations pursuant to 42 U.S.C. § 1983.  Complaint, ECF No. 1.[2]  Ms. Brown did not sign the complaint.  Defendants was served with the complaint, and has consented to the undersigned's jurisdiction.  Consent (Defendant), ECF No. 13.

On March 24, 2014, Mr. Marotz filed a "motion to dismiss," presumably pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I), which allows a plaintiff to dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary

---

[1] According to the court's search in the State Bar of California's online database located on the bar's website, it does not appear that Mr. Marotz is an attorney licensed to practice law in California.

[2] Citations are the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 14-00825 LB
ORDER

judgment," due to his inability "to communicate with [Ms. Brown] for a month" and his concerns that "she is injured to the point [that he] believes she does not comprehend the seriousness of her injuries." Motion to Dismiss, ECF No. 9 at 1. Mr. Marotz's signature is the only one on the pending motion. *Id.* This is important because 28 U.S.C. § 1654 provides that "in all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." And under Civil Local Rule 3-9(a), "[a]ny party representing him or herself without an attorney must appear personally and *may not delegate that duty to any other person who is not a member of the bar of this Court*." (emphasis added).

Given Ms. Brown's failure to appear in this action, *see Hayes v. Wells Fargo Bank*, Case No.: 3:13-cv-0420 KAW, 2013 WL 4117050, at *1 (N.D. Cal. Aug. 8, 2013) (an individual who is listed on the caption but does not sign the complaint has not "appeared" in an action), and to determine whether Mr. Marotz is an attorney and whether Ms. Brown actually intends to be a plaintiff to this action, the court issued an order requiring Ms. Brown to show cause to appear why this action should not be dismissed for her failure to prosecute it. 4/7/2014 Order, ECF No. 11. Specifically, the court ordered her to file a written response by Friday, April 18, 2014 and set a show cause hearing for Thursday, April 24, 2014. *Id.* The court attached to its order a copy of the district court's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial, and suggested that she also may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. *Id.*

Ms. Brown neither filed a written response nor appeared at the show cause hearing. *Id.* In this situation, where Defendant has appeared and consented, but where Ms. Brown has not appeared in this action and thus is not a "party" to it, *see Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party to an *in rem* action was not a precondition to the magistrate judge's jurisdiction), the court has authority to dismiss her action.

C 14-00825 LB
ORDER                                                2

A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors support dismissal. Ms. Brown has not appeared in the action, and she failed to respond to the court's order to show cause. This certainly is not "expeditious litigation," and the court must keep the cases on its docket moving. There also is no risk of prejudice to the Defendant. Finally, the court has provided Ms. Brown with less drastic alternatives: it specifically told her about Mr. Marotz's inability to represent her and gave her an opportunity to appear and explain the situation. She failed to take advantage of this opportunity.

In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Ms. Brown's action for failure to prosecute. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: April 24, 2014

_____
LAUREL BEELER
United States Magistrate Judge